IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ALI MOORE, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 25-3041-BAH |
| ADULT SWIM (CARTOON NETWORK INC.) ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM AND ORDER**

Plaintiff Ali Moore ("Plaintiff") filed the above-captioned complaint pro se. *See* ECF 1. Plaintiff did not sign the complaint, pay the filing fee, move to proceed in forma pauperis, or provide a civil cover sheet or summonses. Because the complaint is being dismissed as frivolous, Plaintiff need not correct these deficiencies.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a

district court may not "conjure up questions never squarely presented"). Here, Plaintiff's complaint will be dismissed as frivolous.

Plaintiff alleges that "[o]n or about August 2024, defendants broadcast The Venture Bros: Radiant Is the Blood of the Baboon Heart, which referenced Plaintiff's private matters in an injurious and inappropriate manner." ECF 1, at 2. He "alleges collaboration between media entities and public agencies amounting to a campaign of ridicule, surveillance, and intimidation, violating constitutional and statutory rights." *Id.* He brings suit under a federal civil rights law, and also brings claims in tort. *Id.* at 2–3.

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim, *Webb v. EPA*, 914 F.2d 1493 (Table) (4th Cir. 1990). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). As such, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even construing the complaint liberally, Plaintiff's complaint cannot be read to bring any claim for which this Court can afford relief. As such, it will be dismissed as frivolous.

Accordingly, it is this 16th day of September, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's complaint is DISMISSED as frivolous; and

2. The Clerk SHALL CLOSE this case and PROVIDE a copy of this Order to Plaintiff.

_____/s/_____
Brendan A. Hurson
United States District Judge

Case 1:25-cv-03041-BAH   Document 4   Filed 09/16/25   Page 3 of 3